## John Perry v. Jared L. Moore, Executor, &c., of Frances Coy.

An order was made at special term, denying a motion to remove one of the referees in an action, after trial had before them, and after their report was set aside, and the cause referred back for further testimony. *Held,* that the order was not appealable.

A court has the power, in its discretion, to allow a re-hearing before the full bench of any order made in the same court by a single judge at special term.

But such an allowance is not an appeal within the provisions of the Code, and is not a matter of right except when the order involves the merits, or falls within some of the subdivisions of § 349.

To obtain a review, at general term, of questions of practice, decided by a single judge, in cases not involving the merits, and wherein no appeal is allowed by § 349 of the Code, the party desiring such review should obtain the certificate, prescribed in the old rule of the Court of Common Pleas, showing that the judge, by whom the decision is made, deems the question of such importance and doubt as to render the review proper. (a)

The court, upon appeal from the decision of a motion, does not interfere with the discretion of the judge at special term, in granting or refusing costs upon the motion.

Where a cause, founded upon a claim against an executor, was tried before referees, appointed by the surrogate, with the consent of the parties, and a

---

(a) The rule was formally re-adopted when the opinion in this case was filed. It remains in force, and is as follows:

"*Additional Rule, adopted March* 22, 1851.—For the purpose of regulating the review of questions of practice decided by a single judge, the court adopt the following rule:

"Upon the decision of motions made before a single judge at chambers or at special term, in cases in which no appeal is allowed by section 349 of the Code, the judge may, if he deem the question of such importance and doubt as to render a review by the general term proper, give a certificate thereof, and the party desiring such review shall, within six days after the decision of such motion, procure such certificate, and serve a copy thereof, with a notice of hearing for the next general term for which the same can be noticed; and thereupon such motion shall be brought on and submitted for review, on written points, to be shown to the opposite counsel, and then handed to the court.

"Such certificate shall not operate as a stay of proceedings, unless such stay of proceedings be expressly ordered."

Perry *v.* Moore.

report was made which was set aside, with a direction to take further testimony and report specially; *held,* that a referee, unimpeached, would not be removed, on the defendant's motion, for the reason that he and the plaintiff's attorney were occupants of the same office, this ground of objection having been known to the defendant when he consented to the appointment.

The additional fact that the plaintiff's attorney has taken an assignment of the claim, to secure his costs, does not so alter the relations of the parties as to justify the removal of the referee, when the effect would be to direct a new trial *ab initio,* and thereby create a large additional expense upon the reference.

Where a motion to remove a referee was denied, with costs, unless the moving party should elect to pay the costs of the reference and of motion, in which case the cause was ordered to be tried by a jury; *held,* that the provisions of the alternative, being operative only at his option, could not be made the subject of review or modification on his appeal.

This was a claim against an executor for labor performed at the instance of a testatrix, during her lifetime. The account having been disputed, the executor agreed with the claimant, in writing, to refer the matter in controversy to three persons, who were named by consent, and approved by the surrogate on the application of both parties. The agreement and approval were filed, and the cause was tried pursuant to §§ 38 and 39 of title third, chapter sixth, of the second part of the Revised Statutes. (2 R. S., marginal page 88.)

The trial resulted in a report in the plaintiff's favor for $625 69. This report was set aside, and an order entered referring the cause back to the same referees, to hear such further testimony as might be offered, and to report specially, in case any thing should be found due to the claimant; costs to abide the event.

The defendant moved that the order last mentioned " be modified, with respect to the reference back to the referees named therein, and that A. B. be removed as one of the referees." This motion was founded upon an affidavit, stating, 1. That the order was entered without notice of a settlement thereof; 2. That the office of A. B., one of the referees, was in the same room with the plaintiff's attorney, and that they were in daily and friendly intercourse; and 3. That the defendant

had received notice that the claim was recently assigned to the plaintiff's attorney as security for his costs and counsel fees, and for advances made on the plaintiff's account, in the suit, during the litigation.

Counter affidavits represented, 1. That the referee objected to was named after a full disclosure of his relations to the plaintiff's attorney, and the defendant left to make his own selection of a second referee, while the third was nominated, in the first instance, by the surrogate; 2. That the report was made unanimously; 3. That the plaintiff's attorney had never conversed with the referee on the merits of the claim; 4. That when the appointment was made, the insolvency of the plaintiff was known to the defendant, and the costs of his attorney, therefore, were practically no more contingent upon ultimate success after than before the assignment of the claim as security. No imputation of unfairness was made against the referee.

The motion was denied, with $10 costs, unless the defendant should elect to pay the costs of the reference—which amounted to about $200—and the costs of the motion, in which case the report was set aside and the cause ordered to be tried by a jury.

From this order the defendant appealed to the general term. The plaintiff moved to dismiss the appeal. This motion, and the appeal itself, were argued at the same time.

*Isaac Dayton* and *Erastus C. Benedict,* for the defendant.

*E. Delafield Smith,* for the plaintiff.

INGRAHAM, FIRST J.—Every court should control and regulate its practice, and upon mere questions of practice, should, for the sake of uniformity in its decisions, allow a review, by the full bench, of such orders. In the same court it becomes a mere regulation of the parties not governed by any special provision of the Code, but made for the good government of the court itself and the welfare of suitors, and so long as the Code does not prohibit it, no one has a right to object.

Perry *v.* Moore.

When an appeal is taken on such an order to an appellate court, it may then be proper to inquire how far they can regulate the practice of an inferior court; but within the same court, I have no doubt of the propriety of such reviews, if the court see fit to allow them.

In the present case there is no reason to doubt the propriety of the decision appealed from. There is no fault charged upon the referee named, and the ground upon which the motion is now made was known to the defendant's attorney before the reference commenced, and, with full knowledge of all the circumstances, he assented to the appointment of the referee. To allow him now, and for the same causes which then existed, and which were known to him prior to the reference, to succeed in changing the referee, at an expense of nearly two hundred dollars, would be doing an injustice to the parties.

There is nothing shown at all impeaching the referee; and under the circumstances, even on his account, the motion should be denied.

The appointment in the case was made by the surrogate, with the consent of all the parties. To justify his removal, I think there should be something shown not known to the parties at the time of making the appointment. The only matter of that kind suggested in this motion is, that the plaintiff's attorney has taken an assignment of the claim to secure his costs. He was entitled at all times to the costs. He has no more interest now than he ever had in the recovery; and I cannot think that the mere assignment of the claim, for the purpose of securing his costs from a private settlement of the matter without the attorney's consent, can so change the relations of the parties as to justify us in granting this motion at so great an additional expense.

The granting or refusing costs, on the decision of a motion, is a matter within the discretion of the judge who hears the motion, and with this part of the decision we do not interfere on appeal.

The alternative on which the motion should be granted

Perry v. Moore.

was a privilege to the defendant, which he was not bound
to take, and which he might at present reject.   He, of course,
was under no necessity of appeal on that ground.   He could
render inoperative that part of the order without an appeal.

I have noticed the questions raised on this appeal by the
respective parties, although I think it is not properly before
us at this time.   The appeal I consider one on a mere ques-
tion of practice, not involving the merits.   In such cases, I
think the rule of the Common Pleas is still in force, and the
appellant should have obtained the certificate of the judge
allowing such an appeal to be made.

I make the suggestion here, because of late the rule has
been disregarded.   Its enforcement will confine these ap-
peals within proper limits, while they can be so far allowed
as may be necessary to produce uniformity in the practice
of the court.

WOODRUFF, J.—I do not doubt the power of the court to
allow the rehearing, before the full bench, of any order made
by a single judge at special term ; but such an allowance is
not an appeal within the provisions of the Code, and is
not a matter of right, except when the order involves the
merits, or falls within some of the provisions of section 349.
How far it may be desirable to allow questions not embraced
within that section to be submitted to the general term, it
seems to me unnecessary to say.   If allowed at all, it should
be in cases of such importance and doubt that an order for
such rehearing will be granted by the judge.

The present was not an appealable order under the Code,
and if it were, it ought not to be disturbed on the defend-
ant's appeal.

Appeal dismissed and order affirmed, with costs.